IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| JOSE VELASQUEZ,<br>MARIA I. ROLDOS and<br>PAUL E. DYER, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | Civil Action File No. |
| v. | )<br>) | No. <u>4:10-CV-22-HLM</u> |
| SOUTHERN GROUP, LLC, SOUTHERN<br>REAL ESTATE OF TENNESSEE, LLC,<br>TRAVIS SHIELDS, IN HIS<br>INDIVIDUAL CAPACITY AND D/B/A<br>SOUTHERN REAL ESTATE, SOUTHERN<br>REAL ESTATE, LLC AND MORTGAGE<br>PAYMENT SERVICES, LLC,<br>JOSHUA DOBSON, IN HIS<br>INDIVIDUAL CAPACITY AND D/B/A<br>SOUTHERN REAL ESTATE, SOUTHERN<br>REAL ESTATE, LLC AND MORTGAGE<br>PAYMENT SERVICES, LLC,<br>THOMAS DOBSON, IN HIS<br>INDIVIDUAL CAPACITY AND D/B/A<br>SOUTHERN REAL ESTATE, SOUTHERN<br>REAL ESTATE, LLC AND MORTGAGE<br>PAYMENT SERVICES, LLC,<br>STEVEN BOSSON, RODNEY BRADLEY,<br>THE HAISTEN GROUP, INC.,<br>FARM CREDIT SERVICES OF MID-<br>AMERICA, FLCA, SOUTHERN<br>MOUNTAIN RESORTS, LLC, and<br>WARRANTY TITLE INSURANCE<br>COMPANY, INC., | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

<u>JOINT PRELIMINARY REPORT AND DISCOVERY PLAN</u>

1.   Description of Case:

     (a)  Describe briefly the nature of this action.

Plaintiffs have alleged that all of the Defendants participated in a mortgage fraud scheme with respect to property located in Dade County, Georgia. Plaintiffs have particularly alleged violations of the federal and Georgia RICO statutes as to all Defendants, fraud as to all Defendants, negligence against Defendant The Haisten Group, Inc. (hereinafter, "Haisten"), predicated upon an allegation of Defendant Haisten's duty to exercise reasonable care in rendering appraisals and breach thereof, negligence against Defendants Southern Mountain Resorts, LLC, Southern Group, LLC (hereinafter, "Southern Group"), Southern Real Estate of Tennessee, LLC, Travis Shields (hereinafter, "Shields"), Joshua Dobson (hereinafter, "J. Dobson"), Thomas Dobson (hereinafter, "T. Dobson") and Rodney Bradley (hereinafter, "Bradley"; and collectively, the "Southern Group Defendants") in administering escrow accounts held for the benefit of Plaintiffs, breach of contract against Defendant Southern Group with respect to certain loan and escrow documents, a claim against Defendant Steven Bosson (hereinafter, "Bosson") for statutory violation by Bosson in offering his services as a loan broker, conversion against the Southern Group Defendants for converting Plaintiffs' escrow funds, a claim against the Southern Group Defendants for money had and received, predicated upon Plaintiffs' allegation that the

Southern Group Defendants converted Plaintiffs' escrow funds
and a claim against the Southern Group Defendants for breach
of fiduciary duty with respect to Plaintiffs' escrow funds.

**(b)  Summarize, in the space provided below, the facts of
this case.  The summary should not be argumentative nor recite
evidence.**

Plaintiffs allege the following:

All Defendants participated in a mortgage fraud scheme
with respect to property located in Dade County, Georgia.
Defendant Bosson recruited Plaintiffs to purchase property, at
the behest of the Southern Group Defendants, and was paid for
said recruiting.  Plaintiffs were promised that certain
amenities would be completed in the development where the
properties are located.  Not all of the promised amenities
were completed.  Prior to purchase, an employee for Defendant
Haisten appraised each of the two lots which are the subject
of the Complaint at $175,000.00, which was the purchase price
of the lots.  The sales prices and appraised values of the
lots were artificially set.  Plaintiffs Jose and Isabel
thereafter purchased a lot for $175,000 and Plaintiff Paul
purchased a lot for $175,000.  Defendant Southern Group
directed Plaintiffs to Defendant Farm Credit Services of Mid-
America, FLCA (hereinafter, "FCS") for loans to purchase the
lots.  Defendant Warranty Title Insurance Company, Inc.

3

(hereinafter, "Warranty") acted as settlement agent for those loans.

Defendant Bosson mailed to Plaintiffs Jose and Isabel the closing documents for their loan from Defendant FCS. The security deed is signed by Defendant Bosson and an employee of Defendant Warranty as witnesses and is signed by a Candy Patel as a notary. None of them witnessed Plaintiffs Jose and Isabel's signatures. The Warranty employee also signed the security deed making representations that she had advised Plaintiffs Jose and Isabel regarding, *inter alia*, non-judicial foreclosure and waiver of certain rights, but they have never spoken to or corresponded with her. Defendant Bosson later mailed to Plaintiffs Jose and Isabel documents for an "option" transaction with Defendant Southern Group. The documents included, *inter alia*, a junior note, a junior security deed, an option agreement and an escrow agreement addendum for option agreement. Pursuant to the escrow agreement, Defendant Southern Group was to deposit $44,171.00 into an escrow account to be used to pay monthly mortgage payments, property tax bills and property owner's association fees and assessments for Plaintiffs Jose and Isabel's lot. Defendant Southern Group breached its obligation to pay or ensure payment of same.

Plaintiff Paul went to Defendant Bosson's residence and signed certain FCS loan documents and Southern Group "option" documents. Only Defendant Bosson was present when Plaintiff Paul signed said documents. The senior security deed is signed by Defendant Bosson and the Warranty employee as witnesses and is signed by a Barbara M. Munne as notary. Neither the Warranty employee nor Munne witnessed Plaintiff Paul's signatures. The Warranty employee also signed the security deed making representations that she had advised Plaintiff Paul regarding, *inter alia*, non-judicial foreclosure and waiver of certain rights, but he has never spoken to or corresponded with her. Pursuant to the escrow agreement, Defendant Southern Group was to deposit $44,171.00 into an escrow account to be used to pay monthly mortgage payments, property tax bills and property owner's association fees and assessments for Plaintiff Paul's lot. Defendant Southern Group breached its obligation to pay or ensure payment of same.

As of April 10, 2009, Defendants Shields, J. Dobson and T. Dobson represented to Plaintiffs Jose and Isabel that there was $31,201.46 remaining of their escrow funds and represented to Plaintiff Paul that there was $31,563.63 remaining of his escrow funds. Defendant Bradley managed the escrow funds. No payments have been made on behalf of any Plaintiffs by any of

the foregoing since the July, 2009 payments, despite representations that everything would be taken care of and caught up. Defendant Southern Group's last payment on behalf of Plaintiffs to the property owners' association was on April 1, 2009. The property taxes were never paid. The escrow funds have been misappropriated, in part, by one or more of the Southern Group Defendants. Plaintiffs have suffered damages while Defendants have experienced financial gain.

Defendant Haisten alleges the following:

The Plaintiffs were purchasers of undeveloped tracts of land in a very large geographically remote development, consisting of several thousand acres, developed and marked as luxury home sites, at the base of several scenic mountain ranges in northwest Georgia. Plaintiffs purchased several undeveloped lots in one of the many subdivisions carved from this enormous development plat. Plaintiffs were not represented by counsel nor did they undertake to conduct their own diligence concerning any aspect of the purchase.

Plaintiffs had no direct contact with Haisten at any point during the transaction. Haisten's role was simply to receive a call from the lender requesting that an appraisal be procured for the loan. In response, Haisten dispatched one of its licensed appraisers, who prepared the report which was

then turned over to the lender.   Haisten had no further
dealings beyond that point.

    The appraisal contains the following provisions:

1. "The purpose of this appraisal report is to provide the client with a credible **opinion** of the defined value of the subject property, given the intended use of the property."(emphasis added)

2. "Client Name/Intended User: Southern Home Mortgage."

3. "Additional Intended User(s): [blank]"

4. "Intended Use: Mortgage loan valuation."

5. "Based on the scope of work, assumptions, limiting conditions and appraiser's certification, my (our) **opinion** of the defined value of the real property that is the subject of this report is . . . ."(emphasis added)

6. "This report is prepared for the sole and exclusive use of the client and other identified users for the identified intended use and its use by any other parties is prohibited."

7. "Neither all, nor any part of the content of this report, copy or other media thereof (including conclusions as to the property value, the identity of the appraiser, professional designations, or the firm with which the appraiser is connected), shall be used for any purposes by anyone but the client and other intended users as identified in this report . . . ."

8. "It is an appraisal designed to develop an **opinion** of value to assist lender(s) in making lending decisions."(emphasis added)

9. "INTENDED USERS: The Intended User of this appraisal report is the Lender/Client.  The Intended Use is to evaluate the property that is the subject of this appraisal for a mortgage finance transaction, subject to the Stated Scope of Work, purpose of the appraisal, reporting requirements of this appraisal report form, and Definition of Market Value.  No additional Intended Users are identified by the appraiser."

Defendant Bosson alleges the following:

Plaintiffs Jose and Isabel accepted $4,100 from him as a 50% portion of what he received from GM Mortgage and Plaintiff Paul Dyer accepted $1,600 from him as a portion of what he received.  Defendant Bosson alleges that Plaintiffs are not contesting that they did indeed sign the documents in question regarding their claim about the notary and witness not having witnessed their signatures.  Defendant Bosson alleges that although he got paid from GM Mortgage, he was not paid as a loan broker as the Complaint states. He alleges that the owner of GM Mortgage, despite GM Mortgage being a mortgage brokerage office, had some sort of a relationship with Southern Group which allowed GM Mortgage to get paid on the real estate transaction. He alleges that GM Mortgage paid him from the commission they were paid by Southern Group on the real estate transaction alone.  He alleges he had nothing to do with brokering the loan and never offered any type of loan broker services to the Plaintiffs.  He alleges that he never personally mailed any documents to the Plaintiffs but does not contest that documents were couriered to Plaintiffs from the GM Mortgage office through GM Mortgage's FedEx account.

**(c)  The legal issues to be tried are as follows:**

Plaintiffs allege the following legal issues are to be tried:

Whether the Defendants violated the federal and Georgia RICO statutes, whether they committed fraud, whether Defendant Haisten had a duty to exercise reasonable care in rendering appraisals and breached that duty, whether Defendant Bradley was negligent in administering Plaintiffs' escrow accounts, whether Defendant Bosson violated a statutory duty in his offering of services as a loan broker, whether Defendant Bradley converted Plaintiffs' escrow funds, whether Defendant Bradley is guilty of money had and received, and whether Defendant Bradley breached a fiduciary duty. Finally, the issue of damages must be tried.

Defendant Haisten alleges the following legal issues are to be tried:

Whether the Plaintiffs were the intended beneficiaries of the appraisal, whether Plaintiffs performed due diligence before they entered the transaction, whether Defendants violated federal and Georgia RICO statutes, whether they committed fraud, whether Defendant Haisten had a duty to exercise reasonable care and whether they breached that duty and damages.

Defendant Warranty alleges the following legal issues are to be tried:

Whether certain formalities with respect to witnessing the Plaintiffs' signatures on certain documents associated

with the real estate transactions which are the subject of this litigation were the proximate cause of damages to the Plaintiffs, whether certain sections of the documents associated with the real estate transactions which are the subject of this litigation which purport to declare that Warranty advised the Plaintiffs of certain rights were reasonably relied upon by the Plaintiffs in connection with their purchase of the subject real estate, whether certain sections of the documents associated with the real estate transactions which are the subject of this litigation which purport to declare that Warranty advised the Plaintiffs of certain rights are applicable to damages alleged by the Plaintiffs, whether the Plaintiffs have suffered damages directly related to certain sections of the documents associated with the real estate transactions which are the subject of this litigation which purport to declare that Warranty advised the Plaintiffs of certain rights, whether the Plaintiffs were in privity with Warranty, whether Warranty acted as settlement agent in the subject real estate transactions at an arm's length from the other Defendants in this matter, and whether Warranty made any representations to the Plaintiffs.

   **NOTE:** the parties present at the Rule 26(f) conference were counsel for Plaintiffs, counsel for Defendants Haisten

and Warranty, and Bosson and Bradley.  Plaintiffs have filed a
Motion for Default Judgment against the Southern Group
Defendants (with the exception of Defendant Bradley).
Plaintiffs have settled with Defendant FCS.  As such, the
parties hereto have only included in this section the legal
issues to be tried with respect to Plaintiffs and Defendants
Haisten, Warranty, Bosson and Bradley, and reserve the right
to amend this Joint Preliminary Report and Discovery Plan
should the non-answering Defendants become entitled to answer
and remain in this action.

   **(d)  The cases listed below (include both style and
action number) are:**

         **(1)  Pending Related Cases:**

    None of which Defendants Haisten, Bosson and Bradley are
aware.  Defendant Warranty was contacted by the Federal Bureau
of Investigation in October 2009 in connection with that
agency's investigation of the issues raised in Plaintiffs'
Complaint.  Counsel for Plaintiffs has had communication with
the FBI regarding same.  Neither Plaintiffs nor Defendant
Warranty are aware of the current status, if any, of the FBI's
investigation of the subject transactions or of any parties
related to this litigation.

         **(2)  Previously Adjudicated Related Cases:**

None of which Plaintiffs and Defendants Haisten, Warranty, Bosson and Bradley are aware.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

  _X__ (1)  Unusually large number of parties
  ____ (2)  Unusually large number of claims or defenses
  ____ (3)  Factual issues are exceptionally complex
  ____ (4)  Greater than normal volume of evidence
  _X__ (5)  Extended discovery period is needed
  _X__ (6)  Problems locating or preserving evidence
  _X__ (7)  Pending parallel investigations or action by government
  _X__ (8)  Multiple use of experts
  ____ (9)  Need for discovery outside United States boundaries
  ____ (10) Existence of highly technical issues and proof

**3.    Counsel**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Richard C. Wayne, Sr.

Defendants: Kathleen M. Hurley for Defendant Haisten and Mathew Barr and William Matthew Davis for Defendant Warranty. Defendants Bosson and Bradley are acting *pro se*.

**4.    Jurisdiction:**

Is there any question regarding this court's jurisdiction?

__X___ Yes    _____ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the

claim(s) on which the objection is based.  Each objection should be supported by authority.

**5.   Parties to This Action:**

**(a)  The following persons are necessary parties who have not been joined:**

Plaintiff may discover conspiracy members through discovery who will need to be added as parties, including but not limited to the notaries identified in the Complaint. Plaintiffs have filed a motion to add GM Mortgage Services, Inc. as a party defendant.

Defendant Warranty contends that the notaries (Candy Patel and Barbara Munne) are necessary parties to this litigation.

**(b)  The following persons are improperly joined as parties:**

Defendant Bradley asserts that he should not have been added as a Defendant because he was acting within the scope of his employment by Defendant Southern Group, LLC and that such employment ended March 27, 2009, a date that precedes the dates of several of the allegations contained in Plaintiffs Complaint.  The Plaintiffs and Defendants Haisten, Warranty and Bosson do not join in this assertion.

13

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

None of which Plaintiffs and Defendants Haisten, Warranty, Bosson and Bradley are aware.

**(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Plaintiffs may discover conspiracy members through discovery who will need to be added as parties, including but not limited to the notaries identified in the Complaint. In conjunction with Plaintiffs' Motion to Add GM Mortgage Services, Inc. as a Party Defendant, Plaintiffs have filed a Motion for Leave to Amend Plaintiffs' Complaint in the event that Plaintiffs' Motion to Add GM Mortgage Services, Inc. is

granted.   Should Plaintiffs discover additional conspiracy members through discovery which Plaintiffs would seek to add as a defendant, Plaintiffs would then seek leave to amend their Complaint to address such additional conspiracy members. Plaintiffs may also wish to add a claim for violation of the Fair Business Practices Act.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible.   The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.   Local Rule 7.1A(2).

(a)  *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.   Local Rule 37.1.

(b)  *Summary Judgment Motions*:  within twenty (20) days after the close of discovery, unless otherwise permitted by court order.   Local Rule 56.1.

(c) *Other Limited Motions*:  Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*:  <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.  Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P.26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

There are no objections by Plaintiffs or Defendants Haisten, Warranty, Bosson or Bradley.

**9.  Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

Plaintiffs and Defendants Haisten, Warranty, Bosson and Bradley do not request a scheduling conference.

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.

As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Discovery is needed as to Defendants' liability for the counts alleged in the complaint and discovery as to Plaintiffs' damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties anticipate needing additional discovery time due to the fact that potential witnesses are located in

17

Florida, Georgia and Tennessee, and out-of-state depositions may need to be conducted.

**11.  Discovery Limitation:**

**What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

Plaintiffs and Defendants Haisten, Warranty and Bradley request that the discovery period be extended for a period of six (6) months from the date of the Rule 26(f) conference, thus ending on November 18, 2010.  Defendant Bosson does not request that the discovery period be extended but he has no objection to the above request for extension by Plaintiffs and Defendants Haisten, Warranty and Bradley.

**12.  Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

Plaintiffs may wish to pursue a protective order protecting them from disclosure of certain financial information.  Plaintiffs request that they be permitted a period of thirty (30) days from May 19, 2010, the date of the Rule 26(f) conference, in which to join any additional parties.

**13.  Settlement Potential:**

(a)  Lead  counsel  for  the  parties  certify  by  their signatures below that they conducted a Rule 26(f) conference that was held on May 19, 2010, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff:**

Lead counsel (signature):
/s Richard C. Wayne, Sr._____
Richard C. Wayne, Sr.

**Other participants:**

Brandy M. Shannon, co-counsel for Plaintiffs

**For Defendant Haisten:**

Lead counsel (signature):
/s Kathleen M. Hurley w/e/p by /s Richard C. Wayne, Sr.
Kathleen M. Hurley (Richard C. Hamilton was present at the Rule 26(f) conference but Kathleen M. Hurley has since been substituted as counsel)

**For Defendant Warranty:**

Lead counsel (signature):
/s William Matthew Davis w/e/p by /s Richard C. Wayne, Sr.
William Matthew Davis

**Other participants:**

Defendants Steven Bosson and Rodney Bradley

**(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(____) A possibility of settlement before discovery.
(__X_) A possibility of settlement after discovery.

19

(_____)A possibility of settlement, but a conference
        with the judge is needed.
(_____) No possibility of settlement.

**(c)  Counsel (__X__) do or (_____) do not intend to hold
additional settlement conferences among themselves prior to
the close of discovery.   The proposed date of the next
settlement conference is <u>unknown</u>.**

**(d)  The following specific problems have created a
hindrance to settlement of this case.**

Defendant Bradley asserts that he should not have been
joined in this action.  Defendant Bosson asserts that he has
no assets.  With respect to 13(b) above, while there is a
possibility of settlement as to Defendants Haisten and
Warranty, Defendants Bradley and Bosson assert that there is
no possibility of settlement with respect to them.

**14.  Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury
trial if a party is otherwise entitled to a jury trial.

(a)  The parties (_____) do consent to having this case
tried before a magistrate judge of this court.  A completed
Consent to Jurisdiction by a United States Magistrate Judge
form has been submitted to the clerk of this court this _____
day of _____, of 2009.

(b)  The parties (__X__) do not consent to having this
      case tried before a magistrate judge of this court.

<u>/s/ Richard C. Wayne, Sr.</u>
Counsel for Plaintiff

<u>**CERTIFICATE OF COMPLIANCE**</u>

Pursuant to L.R. 5.1 (C), I certify this pleading was
prepared per L.R. 5.1(B) in Courier New, 12 point typeface.

Respectfully submitted, this the 4th day of June, 2010.

<u>/s/ Richard C. Wayne, Sr.</u>
Georgia Bar No. 742725
Counsel for Plaintiff

Richard C. Wayne & Associates, P.C.
Attorneys & Counselors at Law
Peachtree | 25th Building
1720 Peachtree Street, Suite 118
Atlanta, Georgia 30309
Telephone: (404) 231-1444
Email: richard@rwaynelaw.com

### CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that the attached JOINT PRELIMINARY
REPORT AND DISCOVERY PLAN and proposed ORDER was filed with
the Clerk of Court using the CM/ECF system, which will
automatically send e-mail notification of such filing to the
following attorneys of record:

Catherine M. Banich, Esq.
STITES & HARBISON
303 Peachtree Street, NE
2800 SunTrust Tower Plaza
Atlanta, GA 30308
Attorney for Farm Credit Services of Mid-America, FLCA

Kathleen M. Hurley, Esq.
CRUSER & MITCHELL, LLP
Meridian II, Suite 2000
275 Scientific Drive
Norcross, GA 30092
Attorney for The Haisten Group, Inc.

William Matthew Davis, Esq.
HAWKINS & PARNELL
303 Peachtree Street
4000 SunTrust Plaza
Atlanta, GA 30308
Attorney for Warranty Title Insurance Company

I **HEREBY CERTIFY** that I have mailed said JOINT
PRELIMINARY REPORT AND DISCOVERY PLAN and proposed ORDER to

the following non-CM/ECF participants by United States First

Class Mail with proper postage affixed:

>       Southern Group, LLC
>       1030 Main Street
>       Kimball, Tennessee 37347
>
>       Southern Real Estate of Tennessee, LLC
>       1030 Main Street
>       Kimball, Tennessee 37347
>
>       Travis Shields
>       (individually, and d/b/a Southern Real Estate,
>       Southern Real Estate, LLC and Mortgage Payment
>       Services, LLC)
>       1024 Water Front Place
>       Kimball, Tennessee 37347
>
>       Joshua Dobson
>       (individually, and d/b/a Southern Real Estate,
>       Southern Real Estate, LLC and Mortgage Payment
>       Services, LLC)
>       1009 Water Front Place
>       Kimball, Tennessee 37347
>
>       Thomas Dobson
>       (individually, and d/b/a Southern Real Estate,
>       Southern Real Estate, LLC and Mortgage Payment
>       Services, LLC)
>       1020 Water Front Place
>       Kimball, Tennessee 37347
>
>       Steven Bosson
>       2975 NE 190 Street, #301
>       Miami, Florida 33180
>       Rodney Bradley
>       509 Young Avenue
>       Chattanooga, Tennessee 37405
>
>       Southern Mountain Resorts, LLC
>        1030 Main Street
>        Kimball, Tennessee 37347
>
>       T. Morgan Ward, Jr.
>       Stites & Harbison – Louisville
>       400 West Market Street, Suite 1800

Louisville, Kentucky 40202

This 4th day of June, 2010.

/s/ Richard C. Wayne, Sr.
Georgia Bar No. 742725
Counsel for Plaintiff

Richard C. Wayne & Associates, P.C.
Attorneys & Counselors at Law
Peachtree | 25th Building
1720 Peachtree Street, Suite 118
Atlanta, Georgia 30309
Telephone: (404) 231-1444
Email: richard@rwaynelaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

JOSE VELASQUEZ,                     )
MARIA I. ROLDOS and                 )
PAUL E. DYER,                       )
                                    )
        Plaintiffs,                 )
                                    )    Civil Action File No.
        v.                          )    No. 4:10-CV-22-HLM
                                    )
SOUTHERN GROUP, LLC, SOUTHERN )
REAL ESTATE OF TENNESSEE, LLC,)
TRAVIS SHIELDS, IN HIS        )
INDIVIDUAL CAPACITY AND D/B/A )
SOUTHERN REAL ESTATE, SOUTHERN)
REAL ESTATE, LLC AND MORTGAGE )
PAYMENT SERVICES, LLC,        )
JOSHUA DOBSON, IN HIS         )
INDIVIDUAL CAPACITY AND D/B/A )
SOUTHERN REAL ESTATE, SOUTHERN)
REAL ESTATE, LLC AND MORTGAGE )
PAYMENT SERVICES, LLC,        )
THOMAS DOBSON, IN HIS         )
INDIVIDUAL CAPACITY AND D/B/A )
SOUTHERN REAL ESTATE, SOUTHERN)
REAL ESTATE, LLC AND MORTGAGE )
PAYMENT SERVICES, LLC,        )
STEVEN BOSSON, RODNEY BRADLEY,)
THE HAISTEN GROUP, INC.,      )
FARM CREDIT SERVICES OF MID-  )
AMERICA, FLCA, SOUTHERN       )
MOUNTAIN RESORTS, LLC, and    )
WARRANTY TITLE INSURANCE      )
COMPANY, INC.,                )
                              )
        Defendants.           )
_____)

**[PROPOSED] SCHEDULING ORDER**

Upon review of the information contained in the Joint

Preliminary Report and Discovery Plan form completed and filed

by Plaintiffs and Defendants The Haisten Group Inc., Steven

Bosson, Rodney Bradley and Warranty Title Insurance Company, Inc., the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____
_____

      So Ordered this _____ day of _____, 2010.


                              _____
                              JUDGE OF UNITED STATES DISTRICT COURT
                              FOR THE NORTHERN DISTRICT OF GEORGIA
                              ROME DIVISION

Prepared by:
Richard C. Wayne & Associates, P.C.
Attorneys & Counselors at Law
Peachtree | 25th Building
1720 Peachtree Street, Suite 118
Atlanta, Georgia 30309
Telephone: (404) 231-1444
Facsimile: (404) 231-1666
Email: richard@rwaynelaw.com

## 4.    Jurisdictional Objection

Defendant Bradley asserts that any and all claims related to the Plaintiffs' escrow matters should be filed under the jurisdiction of the Chancery Court for Cumberland County, Tennessee and governed by the laws of Tennessee, as called for in the ESCROW AGREEMENT ADDENDUM FOR OPTION AGREEMENT entered into by all the Plaintiffs. Item 12. of said agreement specifically states:

> 12. The laws of the State of Tennessee shall control the establishment, disposition, disbursement from, and use of said escrow ledger contemplated herein and the Escrow Sum and shall control the interpretation and implementation of this Agreement. The Chancery Court for Cumberland County, Tennessee shall have exclusive venue and jurisdiction for all claims and disputes, if any, related to or arising out of this Agreement, the escrow ledger contemplated herein, and the Escrow Sum, and the parties, by their signatures hereinbelow, specifically consent and agree to the terms and conditions set forth hereinabove and to the appointment of said Court for exclusive venue and jurisdiction. All the provisions of this Agreement and the terms and conditions of the same, shall survive closing of the underlying transaction.

Plaintiffs assert that the forum selection clause referenced above is invalid and that Defendants Haisten, Warranty, Bosson and Bradley are not parties to those documents and cannot take advantage of the forum selection provision contained therein even if said provision is declared valid.

26